UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUZERNE COUNTY and 1900 Capital Trust II, by U.S. Bank Trust National Assoc., : : : | |
| Plaintiffs : | CIVIL ACTION NO. 3:22-620 |
| v. : | (JUDGE MANNION) |
| : | |
| DANIELE A. BOLDRINI, | |
| : | |
| Defendant : | |

**O R D E R**[1]

On April 13, 2022, the court issued an Order in the related case of Antonello Boldrini and his son, Daniele A. Boldrini, Civil No. 21-2005, M.D. Pa, (Doc. 79), remanding this case to state court since it was filed by the Boldrinis in federal court without prior authorization in violation Judge Mariani's December 9, 2019 Order issued in 1*900 Capital Trust II by U.S. Bank Trust Nat'l Ass'n v. Boldrini*, No. 3:19-cv-1576 (M.D. Pa. Dec. 9, 2019), (Doc. 122). The court also dismissed as moot all of the other pending matters filed in Boldrinis' case, Civil No. 21-2005, M.D. Pa., and directed

---

[1] Since the background of this case is stated in the Report and Recommendation, (Doc. 6), as well as in the Report and the court's prior Orders in Boldrinis' related case, Civil No. 21-2005, M.D. Pa., (Docs. 67, 79 & 81), it is not fully repeated herein.

the clerk of court to close this case. Boldrinis have filed a notice of appeal in the Civil No. 21-2005, M.D. Pa., case.

After this case was remanded to state court, on April 28, 2022, defendant Daniele A. Boldrini, ("Boldrini"), filed a Notice of Removal essentially removing, without the court's permission, the two separate state mortgage foreclosure actions that were at issue in Boldrini's prior case with his father, Civil No. 21-2005, M.D. Pa., to this court. (Doc. 1). On May 3, 2022, plaintiff 1900 Capital Trust II, by U.S. Bank Trust National Association, ("1900 Capital Trust"), timely filed an emergency motion to remand this case to the Luzerne County Court of Common Pleas, (Doc. 4), and a brief in support. 1900 Capital Trust states that this is "the second time within months that [Boldrini] seeks in a single pleading to remove two separate state court actions to this Court, blatantly ignoring the recent Remand Order issued on April 13, 2022 by th[is] [court] in Case Number 21-CV-2005." 1900 Capital Trust also contends that the instant case should be remanded back to state court because this federal court lacks jurisdiction over the two matters removed.

On May 5, 2022, Chief Magistrate Judge Mehalchick filed a Report and Recommendation in which she recommends that 1900 Capital Trust's

motion to remand be granted, and that this case be remanded to the Luzerne County Court of Common Pleas. (Doc. 6).

On May 9, 2022, Boldrini filed a motion for a 72-hour extension to time respond to the motion to remand filed by 1900 Capital Trust. (Doc. 8). On May 12, 2022, Boldrini filed an emergency motion to stay the proceedings in the present case based on the May 11, 2022 motions he and his father separately filed in their prior remanded case, Civil No. 21-2005, M.D. Pa., in which they sought relief from various Orders issued by this court, namely, Docs. 36, 67, 75, 79, 81 & 86, pursuant to Federal Rule of Civil Procedure Rule 60(b). (Doc. 11). However, on May 13, 2022, this court issued an Order denying the motions for relief from its Orders under Rule 60(b) filed by both Boldrini defendants in their prior case, Civil No. 21-2005, M.D. Pa., and directed that the prior case remain closed since it has been remanded to state court.

As such, Boldrini's motion for extension of time motion, **(Doc. 8)**, will be **DENIED AS MOOT** since he has now filed his response to the motion to remand. Additionally, Boldrini's emergency motion to stay the proceedings, **(Doc. 11)**, will be **DENIED** since the court has already denied he and his father's motions for relief under Rule 60(b) their prior case, Civil No. 21-2005, M.D. Pa.

On May 19, 2022, Boldrini filed a motion for a 5-day extension of time to file objections to the instant Report. (Doc. 13).

Also, on May 19, 2022, Boldrini filed a so-called "Amended Removal and Complaint." (Doc. 14). In this document, Boldrini raises his removal argument which the court has considered and finds it to be frivolous and without any merit for essentially the same reasons that were stated by the court in its Orders issued in his prior case, Civil No. 21-2005, M.D. Pa.

On May 20, 2022, Boldrini filed his preliminary objection to 1900 Capital Trust's motion to remand and a motion to dismiss, with numerous attached exhibits. (Doc.15). On May 31, 2022, Boldrini filed his objections to the Report, (Doc. 16), along with Exhibits, (Doc. 17). Thus, Boldrini's motion for an extension of time to file objections to the Report, **(Doc. 13)**, will be **DENIED AS MOOT**.

On May 31, 2022, Boldrini also filed an emergency motion to vacate a judgment allegedly entered by the Luzerne County Court on April 29, 2022, (Doc. 20), along with a brief in support, (Doc. 21). Boldrini's motion, **(Doc. 20)**, will be **DENIED AS MOOT** since this case was improperly removed to federal court and will be remanded to Luzerne County Court.

In any event, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or

recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

In her Report, Judge Mehalchick explains that Boldrinis' prior case, Civil No. 21-2005, M.D. Pa., and the instant case arise from the same two separate actions brought by plaintiffs Luzerne County and 1990 Capital Trust that relate to a mortgage foreclosure judgment entered in the Luzerne County Court of Common Pleas against Antonello Boldrini, and the sale of the property based on the mortgage held by 1900 Capital Trust. In addition, the Report correctly finds that "remand to the Luzerne County Court of Common Pleas is proper because [Daniele Boldrini's] removal constitutes a filing of a new case by Antonello Boldrini without prior authorization in violation of [Judge Mariani's Sanctions Order issued in Boldrini's prior case, namely, Fed. Nat'l Mortg. Ass'n v. Boldrini, No. 3:19-CV-1576 (M.D. Pa. Dec. 9, 2019), (Doc. 122)]."

The court has reviewed this case, as well as the related case, and finds no clear error with regard to Judge Mehalchick's findings with respect to the issues presented. Moreover, the court agrees with the sound reasoning that led Judge Mehalchick to the conclusions in her Report, particularly since it is glaringly apparent to the court that Boldrini is deliberately trying to circumvent the court's Orders issued in the Boldrinis'

prior case, Civil No. 21-2005, M.D. Pa., and to re-assert, in his name alone, the same baseless claims he and his father raised in their prior case. As such, the court will adopt the Report and Recommendation of Judge Mehalchick as the decision of the court. Boldrini's objections to the report will be overruled.

In light of the foregoing, **IT IS HEREBY ORDERED THAT:**

**(1)** The Report and Recommendation of Judge Mehalchick, **(Doc. 6)**, is **ADOPTED IN ITS ENTIRETY**, as the ruling of the court.

**(2)** The emergency motion to remand this case, **(Doc. 1)**, filed by plaintiff 1900 Capital Trust, **(Doc. 4)**, is **GRANTED**.

**(3)** Boldrini's motion for extension of time motion, **(Doc. 8)**, is **DENIED AS MOOT**.

**(4)** Boldrini's emergency motion to stay the proceedings, **(Doc. 11)**, is **DENIED**.

**(5)** Boldrini's motion for an extension of time to file objections to the Report, **(Doc. 13)**, is **DENIED AS MOOT**.

**(6)** Boldrini's preliminary objections to the Report and to 1900 Capital Trust's motion to remand, **(Doc.15)**, and his objections to the Report, **(Doc. 16)**, are **OVERRULED**, and his motion to dismiss, **(Doc.15)**, is **DENIED**.

**(7)** Boldrini's emergency motion to vacate a judgment allegedly entered by the Luzerne County Court, **(Doc. 20)**, is **DENIED AS MOOT**.

**(8)** This case is **REMANDED** to the Court of Common Pleas of Luzerne County.

**(9)** No further notices of removal shall be filed by the clerk of court that are submitted by Antonello Boldrini and/or his son, Daniele A. Boldrini relating to the state court actions filed against either Boldrini, or both Boldrinis, by plaintiffs 1900 Capital Trust and Luzerne County.

**(10)** Antonello Boldrini and his son, Daniele A. Boldrini, are forewarned that if they continue to attempt to remove to federal court the state court actions filed against either Boldrini, or both Boldrinis, by plaintiffs 1900 Capital Trust and Luzerne County, the court will consider imposing significant financial sanctions, and attorneys' fees and costs, against them for continuing with frivolous filings and causing unnecessary disruptions in the court's schedule.

**(11)**   The Clerk of Court is directed to **CLOSE THIS CASE**.


                                          *s/ Malachy E. Mannion*
                                          **MALACHY E. MANNION**
                                          **United States District Judge**


**DATED: June 1, 2022**
22-620-01